Steven L. Rinehart (USB #11494)
**WESTERN IP**
2912 W. Executive Parkway Ste 240
Lehi, UT 84043
Telephone: (888) 941-9933
Mobile: (801) 347-5173
Email: steve@utahpatentattorneys.com
*Attorney for Plaintiff*

---

### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| MABE, LLC, a limited liability company; | **C O M P L A I N T** |
|                    Plaintiff, | |
| vs. | Case No. 2:25-cv-00319 |
| HAIXIA WIE A/K/A SARAH WIE, an individual; | Judge: |
|                Defendant. | |

COMES NOW Plaintiff Mabe, LLC ("Plaintiff"), by and through counsel undersigned, and for cause of action against Defendant hereby alleges and claims as follows:

### PARTIES, JURISDICTION AND VENUE

1.    Plaintiff Mabe, LLC is a limited liability company organized under the laws of the State of Idaho, with its principle place of business in Springville, Utah.

2.    Upon information and belief, Defendant Haixia Wie (A/K/A Sarah Wie) is an individual residing in the People's Republic of China.

3.      This is an action for patent invalidity and declaratory and injunctive relief under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 & 2202. The Court thus has subject matter jurisdiction of such claims pursuant to 28 U.S.C. § 1331 and 1338 as these counterclaims arise under the patent laws of the United States, set forth at 38 U.S.C. § 101 *et seq*. With respect to the '903 Patent specifically, this Court has jurisdiction under 28 U.S.C. § 1331, 1338(a), 2201 and 2202. Diversity of citizenship also exists under 28 U.S.C. § 1332 and the amount in controversy exceeds $75,000 exclusive of costs and interest.

4.      Personal jurisdiction exists over Plaintiff and Defendant who both do business within the Forum. Venue in this district is proper under 28 U.S.C. §§ 1391 and 1400(b), and under 15 U.S.C. §§ 1125. This Court has personal jurisdiction of Defendant because, *inter alia*, she does business in the State of Utah pursuant to Utah Code Ann. § 78B-3-307(1)(b) and 78B-3-205 *et seq*.

## GENERAL ALLEGATIONS

*Introduction*

5.      Until August of 2024, Defendant was manufacturing a baby carrier sold by Plaintiff online. In August, after receiving notice from Plaintiff that Plaintiff was switching its manufacturing operations to another factory, Defendant began under taking all effort possible to interfere with Plaintiff's sales, economic relations, and IP rights. In a vindictive attempt to harm or put Plaintiff out of business, Defendant began using and attempted to register Plaintiff's common law trademark with the U.S. Patent and Trademark Office (USPTO). Defendant began selling products from Plaintiff's inventory on Amazon using Plaintiff's own copyrighted images. Defendant sent one or more communications to Plaintiff attempting to extort Plaintiff, informing Plaintiff that

Defendant will only cease such behavior if Plaintiff switch manufacturing operations back to Defendant. Defendant Sarah Wie also filed a U.S. design patent application on August 26, 2024 in bad faith, knowing this product had been in sale for far more than a year and was not patentable under 35 U.S.C. § 102, but procuring the patent anyway only to weld it against Plaintiff with Amazon and force down Plaintiff's Amazon listings. Defendant intentionally misled the USPTO about when the product went up for sale by affirmatively representing it had not been for sale for more than a year and failing to inform the USPTO of Defendant's sales existing more than a year before filing. Defendant paid a fee to expedite examination of this patent, then sent the patent to Amazon after issuance asking that Plaintiff's products be removed, which Plaintiff's products were on, or about, August 22, 2025. As such, all of Plaintiff's products have now been taken down off Amazon because of a patent procured through fraud upon the USPTO, costing Plaintiff more than $10,000 per day in losses and running. Defendant is engaged in ongoing concerted, anticompetitive, tortious and unlawful actions all calculated to interfere with Plaintiff's economic relations and harm or put Plaintiff out of business in violation of federal and state statutes and common law.

*Factual Background*

6.    In late 2023, Plaintiff hired Defendant Sarah Wei to manufacture and supply Plaintiff with a family of a baby carrier harnesses which straps to the body of a caregiver.

7.    Defendant had previously been selling identical products to other U.S. companies from at least 2021 to 2023.

8.      After pricing and other details were negotiated, samples of the product were sent to Plaintiff in summer of 2023. Beginning in November of 2023, Defendant began shipping these products to Plaintiff in the U.S.

9.      Defendant repeatedly shipped inventory ordered by Plaintiff directly to Plaintiff's shipping facility in Springville, Utah, the location from which Plaintiff ships its products nationwide.

10.     In August of 2024, after working with Defendant for approximately ten months, Plaintiff decided to switch manufacturing operation to a different factory in China and duly notified Defendant of the same.

11.     Within days of receiving notice from Plaintiff, Defendant began undertaking efforts to harm Plaintiff's business for the purpose of forcing Plaintiff to again start ordering product from Defendant.

12.     On August 12, 2024, Defendant Chanquan Zhong, the husband of Defendant Sara Wei, filed a U.S. trademark application, for MABE. 

13.     In this trademark application, Defendant purported to have started selling products labeled as MABE products on August 12, 2024.

14.     Defendant refused to withdraw this trademark application when requested to do so by Plaintiff.

15.     Additionally, in August of 2024, Defendant began posting baby carriers on Amazon using Plaintiff's copyrighted images.

16.    After Plaintiff complained to Amazon, Defendant altered the face on the images slightly

and reposed the products on Amazon as shown below.



Plaintiffs' copyrighted image

Defendants' Amazon listing

17.    After Amazon removed this listing, Defendant again posted yet a new listing making use

of Plaintiff's images as shown below:



Plaintiffs' copyrighted image

Defendants' Amazon listing

18.    Defendant haa continued posting products from Plaintiff's inventory on Amazon using

Plaintiff's images including those collectively.

19.    Defendant Sarah Wei then sent Plaintiff communications informing Plaintiff that Defendant would cease their tortious activities only if Plaintiff rehired Defendant for manufacturing.

20.    Within days of filing attempting to misappropriate Plaintiff's trademarks and copyright images, Defendant sought to do the same for Plaintiff's products. On, or about, August 26, 2024, Defendant Sarah Wei filed a design patent application with the USPTO (United States Patent and Trademark Office) seeking patent protection on the product which Defendant had been selling for several years, Serial No 29/959,586.

21.    Defendant hired a law firm in Utah to file this application, and paid a fee to have examination of the application expedited.

22.    Defendant undertook this action, knowing it was time-barred from filing a US patent, only to use the fraudulently-obtained patent to force Amazon to remove Plaintiff's product listings from Amazon.

23.    This design patent application (Serial No. 29/959,586) issued on March 18, 2025 into a design patent, U.S. Reg. No. D1,066,903, a copy of which is attached hereto s **Exhibit A** (hereinafter the "'903 Patent").

24.    Defendant then contacted Amazon, accused Plaintiff of violating the newly-issued '903 Patent and caused Amazon to remove all of Plaintiff's product listings on, or about, April 22, 2025.

25.    Plaintiff is now losing over $10,000 per day in sales as a result of the fraudulent, extortionary action taken by Defendant in China.

26.    Defendant's '903 Patent is invalid as Defendant was selling the product for more than a year prior to filing for patent protection.

27.    In 2021, Defendant began supplying another Utah company with the product depicted in

the '903 Application (the "Product"), Vincent & Vivi. Attached as **Exhibit B** hereto is a

screenshot showing the Product for sale in 2021 (as shown below).



28.    Defendant began advertising the product shown in the '903 Patent on Alibaba more than

a year before filing the patent application maturing into the '903 Patent as shown below:



29.    Defendant posted her product for sale on Alibaba more than a year before filing the '903 Patent. It was in response to the add below on Alibaba of Defendant that Plaintiff contacted Defendant in 2023, more than a year before the '903 Patent was filed.



30.    On June 7, 2023, another company called BizziGrown started selling the Product online as shown in **Exhibit C** attached hereto and shown below.





5:03

BIZZIGROWIN
**Posts**

Follow

❤️ 82    💬 16    ✈️ 2

**bizzigrowin** We are so excited to announce TONIGHT that we have launched a stunning range of baby carriers , NOMAD…. Luxury velvet in four exquisite colours with brushed gold logo buttons these super versatile baby carriers go with you from birth to toddler . They have an integrated neck support and adjustable waistband , padded cross over shoulder straps for support and comfort & as you would expect from us they have been tested to all the correct standards.  The colour featured here is Caramel, keep your eyes peeled this week as we reveal the other options . #baby #babycarriers #babycarrier #newborn #babysling #babytravel #baby #babycarrying #babysnug #mums #dads @joeyj_childrenswear @roballen8029 @tinytotsstore @kiddielandprams @kiddieskingdom @bambinosbeyond @aiobaby.dk

June 7, 2023



31.     Upon information and belief, BizziGrown purchased the Product from Defendant.

32.     Another party, Bodelondonuk began offering the Product for sale as shown in **Exhibit D** hereto on January 31, 2023 and shown below:



33.     As the above exhibits make clear, the Product was not only for sale more than a year before the '903 Patent was filed, but Defendant was herself selling it, meaning not just that the '903 Patent in invalid, but Defendant has willfully committed fraud procuring it.

34.     Defendant did not invent the Product, but received it from another party in China.

35.     Defendant's actions have and will continue to irreparably harm Plaintiff.

36.     Plaintiff has suffered damages as a consequence of Defendant's actions.

37.     Defendant's unlawful conduct has and will damage the Plaintiff through the loss of customers, profits, business, reputation, and good will. Plaintiff has suffered further damage through expenditures associated with bringing this action.

**FIRST CAUSE OF ACTION**
**DECLARATORY JUDGMENT OF INVALIDITY AND UNENFORCEABILITY OF THE '903 PATENT**

38.     Plaintiff incorporates and re-alleges all of the foregoing paragraphs as if fully set forth herein.

39.     The '903 Patent in its entirety is invalid and/or unenforceable for failure to comply with one or more of the requirement of the United State Code, Title 35, including without limitation, 35 U.S.C. §§ 102, providing a one-year grace period for inventors to file a patent application after public disclosure.

40.     The '903 Patent in also unenforceable due to inequitable conduct before the USPTO by reason of the Patentee's failing to disclose to the USPTO prior art of which she was aware and affirmatively misleading the USPTO about when the Patentee began selling the Product.

41.    In particular, the Defendant and Patentee Sarah Wei failed to disclose to the USPTO material prior art, including her own sales on Alibaba and to other parties within the United States.

42.    As a result of this conduct of Defendant and Patentee, the '903 Patent is unenforceable.

43.    This is an exceptional case, and Plaintiff is entitled to recover attorney fees.

44.    As the '903 Patent has been used to force Plaintiff's Amazon listing down, an actual and justiciable controversy has arisen and now exists between Plaintiff and Defendant.

45.    Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., Plaintiff requests the declaration of this Court that the '903 Patent is invalid and unenforceable.

## PRAYER FOR RELIEF

WHEREFORE, on the above claims, Plaintiff prays for judgment against Defendant as follows:

1.    A declaration that Plaintiff has not infringed the '903 Patent;

2.    A declaration that the '903 Patent is invalid and/or unenforceable under 35 U.S.C. §§ 102-132.

3.    A declaration that the '903 Patent is invalid and/or unenforceable for inequitable conduct;

4.    A declaration that this is an exceptional case under 35 U.S.C. § 285 and awarding Plaintiff its costs, expenses and attorney fees;

5.    That third parties, including Amazon, be enjoined from preventing Plaintiff's listing to run on Amazon.com under the All Writs Act, 25 U.S.C. § 1651.

6.    For any other such relief as the Court may deem necessary.


DATED AND SIGNED this 22th day of April, 2025.

/s/

STEVEN L. RINEHART
*Attorney for Plaintiff*