THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| MABE, LLC,<br><br>      Plaintiff,<br><br>vs.<br><br>HAIXIA WIE A/K/A SARAH WIE, an individual, CHANGQUAN ZHONG, an individual.<br><br>      Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART [3] EMERGENCY _EX PARTE_ MOTION FOR TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION**<br><br>Civil No. 2:25-cv-00319-DBB<br><br>Judge David Barlow |

Before the court is Mabe, LLC's ("Mabe") Emergency _Ex Parte_ Motion for Temporary Restraining Order and Preliminary Injunction ("Motion").[1] For the reasons below, the court grants in part and denies in part the Motion.

## BACKGROUND[2]

Mabe sells baby-related products, such as baby carriers, online.[3] In the summer of 2023, Mabe contacted Defendant Sarah Wie after seeing that Ms. Wie was selling baby carriers on Alibaba.[4] Mabe purchased a baby carrier from Ms. Wie in July 2023, and after pricing negotiations, Ms. Wie began manufacturing baby carriers for Mabe in November 2023.[5]

Ms. Wie manufactured baby carriers for Mabe until August 2024, at which time Mabe gave Ms. Wie notice that it intended to switch manufacturers.[6] Mabe alleges that Ms. Wie began

---

[1] Emergency _Ex Parte_ Mot. for TRO and Prelim. Inj. ("Mot."), ECF No. 3, filed Apr. 22, 2025.
[2] Since filing the Motion, Mabe amended its complaint. The Amended Complaint adds eight causes of action and another defendant. However, because the Motion limits its arguments to Mabe's patent invalidity claim against Ms. Wie, the court limits its recitation of the background facts accordingly. Further, the court cites the original complaint instead of the amended complaint because Mabe did so in the Motion and, as relevant here, the Amended Complaint does not substantively change the factual allegations against Ms. Wie.
[3] Compl. ¶ 5, ECF No. 1, filed Apr. 22, 2025; Decl. of Hunter Taylor ¶ 2 ("Taylor Decl."), ECF No. 3-1, filed Apr. 22, 2025.
[4] Taylor Decl. ¶ 3.
[5] _Id._ at ¶¶ 4, 22; Compl. ¶ 8.
[6] Taylor Decl. ¶ 4; Compl. ¶ 5.

taking "all effort[s] possible to interfere with Plaintiff's sales, economic relations, and IP rights" after receiving notice that Mabe intended to switch manufacturers.[7]

In relevant part, Mabe alleges that on August 26, 2024, Ms. Wie filed a design patent application with the United States Patent and Trademark Office for the baby carrier that Ms. Wie had been manufacturing for Mabe.[8] Ms. Wie received a patent for the baby carrier several months later (the "'903 Patent").[9] After receiving the '903 Patent, Mabe alleges that Ms. Wie contacted Amazon and claimed that Mabe's baby carrier listings were violating the patent.[10] Amazon took down Mabe's baby carrier listings as a result.[11]

Mabe filed this lawsuit against Ms. Wie, seeking to have the '903 Patent declared invalid.[12] Upon filing the lawsuit, Mabe filed the instant Motion *ex parte*, seeking a temporary restraining order and a preliminary injunction.[13] The court denied the Motion to the extent it sought *ex parte* relief, required Mabe to serve Ms. Wie, and set a briefing schedule on whether the court should issue a temporary restraining order.[14]

The court held a hearing on May 5, 2025, to determine if a temporary restraining order should issue.[15] Ms. Wie failed to appear or file an opposition, and the court subsequently entered a Temporary Restraining Order.[16]

---

[7] Compl. ¶ 5.
[8] *Id.* at ¶ 20; Taylor Decl. ¶ 13.
[9] Compl. ¶ 23; Taylor Decl. ¶ 16.
[10] Compl. ¶ 24; Taylor Decl. ¶ 17.
[11] Compl. ¶ 24; Taylor Decl. ¶ 17.
[12] Compl. ¶¶ 38–45.
[13] *See* Mot.
[14] Order Denying in Part [3] Emergency *Ex Parte* Mot. for TRO and Prelim. Inj., ECF No. 7, filed Apr. 23, 2025.
[15] Order Granting in Part and Denying in Part [3] Emergency *Ex Parte* Mot. for TRO and Prelim. Inj., ECF No. 14, filed May 5, 2025.
[16] *Id.*

The court then issued an Order to Show Cause, which required Ms. Wie to show cause why the Temporary Restraining Order should not convert into a preliminary injunction.[17] The Order to Show Cause set a briefing schedule on the issue.[18] Mabe served the Order to Show Cause and Temporary Restraining Order on Ms. Wie.[19]

To date, Ms. Wie has failed to appear. Ms. Wie has not filed an opposition to the Motion, or responded to the Order to Show Cause, and the time to do so has passed.[20]

## STANDARD

"A preliminary injunction is an extraordinary remedy, the exception rather than the rule."[21] It is "never awarded as of right" and may only be granted "when monetary or other traditional legal remedies are inadequate, and 'the right to relief is clear and unequivocal.'"[22]

A party seeking a preliminary injunction must show: "'(1) the movant is substantially likely to succeed on the merits; (2) the movant will suffer irreparable injury if the injunction is denied; (3) the movant's threatened injury outweighs the injury the opposing party will suffer under the injunction; and (4) the injunction would not be adverse to the public interest.'"[23]

Three types of injunctions are disfavored in the Tenth Circuit: "(1) preliminary injunctions that alter the status quo; (2) mandatory preliminary injunctions; and (3) preliminary injunctions that afford the movant all the relief that it could recover at the conclusion of a full trial on the merits."[24] Generally, mandatory preliminary injunctions require "the nonmoving

---

[17] Order to Show Cause, ECF No. 15, filed May 5, 2025.
[18] *Id.*
[19] Certificate of Compliance, ECF No. 16, filed May 5, 2025.
[20] *See* Dkt.
[21] *Mrs. Fields Franchising, LLC v. MFGPC*, 941 F.3d 1221, 1232 (10th Cir. 2019) (quoting *Free the Nipple-Fort Collins v. City of Fort Collins, Colo.*, 916 F.3d 792, 797 (10th Cir. 2019)).
[22] *DTC Energy Grp., Inc. v. Hirschfeld*, 912 F.3d 1263, 1269–70 (10th Cir. 2018) (quoting *First W. Cap. Mgmt. Co. v. Malamed*, 874 F.3d 1136, 1141 (10th Cir. 2017) and *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008)).
[23] *First W. Cap. Mgmt. Co.*, 874 F.3d at 1141 (quoting *Fish v. Kobach*, 840 F.3d 710, 723 (10th Cir. 2016)).
[24] *O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft*, 389 F.3d 973, 975 (10th Cir. 2004).

party to take affirmative action . . . before a trial on the merits occurs."[25] A party seeking a disfavored injunction must "make a strong showing" and "satisfy a heightened burden."[26]

## DISCUSSION

Before addressing whether Mabe meets the four elements necessary for the issuance of a preliminary injunction, the court must determine whether Mabe seeks a disfavored injunction.

Mabe's proposed preliminary injunction requires Ms. Wie to "notify [Amazon] . . . immediately that [Ms. Wie] is withdrawing . . . the patent infringement notices for all of Plaintiff's baby-carrier products."[27] This proposed order requires Ms. Wie to take the affirmative action of withdrawing her infringement notices to Amazon. Accordingly, Mabe is seeking a disfavored mandatory injunction. Mabe must make a strong showing that injunctive relief is warranted and satisfy a heightened burden for a preliminary injunction to issue.

## I.    Irreparable Harm

"[B]ecause a showing of probable irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction, the moving party must first demonstrate that such injury is likely before the other requirements for the issuance of an injunction will be considered."[28] To establish irreparable harm, a plaintiff must demonstrate "a significant risk that he or she will experience harm that cannot be compensated after the fact by money damages."[29] Erosion of market share, harm to reputation, and loss of business opportunities can constitute irreparable harm.[30]

---

[25] *RoDa Drilling Co. v. Siegal,* 552 F.3d 1203, 1208 (10th Cir. 2009).

[26] *O Centro Espirita Beneficiente Uniao Do Vegetal*, 389 F.3d at 975–76.

[27] [Supplemental Proposed] Order Granting Emergency *Ex Parte* Mot. for TRO and Prelim. Inj., ECF No. 11, filed Apr. 30, 2025.

[28] *Dominion Video Satellite, Inc. v. Echostar Satellite Corp.*, 356 F.3d 1256, 1260 (10th Cir. 2004) (quoting *Reuters Ltd. v. United Press Int'l, Inc.*, 903 F.2d 904, 907 (2d Cir. 1990)).

[29] *RoDa Drilling Co.*, 552 F.3d at 1210.

[30] *Miche Bag, LLC v. Thirty One Gifts LLC*, No. 2:10-CV-781 TS, 2010 WL 3629686 (D. Utah Sept. 13, 2010); *see, e.g., Purdue Pharma L.P. v. Boehringer Ingelheim GmbH,* 237 F.3d 1359, 1368 (Fed. Cir. 2001) (likelihood of price

Mr. Taylor's declaration explains that the '903 Patent obtained by Ms. Wie caused Amazon to take down Mabe's product listings and, as a result, Mabe is losing more than $10,000 dollars per day in revenue.[31] This demonstrates that Ms. Wie's actions are causing Mabe to lose business opportunities and likely is diminishing Mabe's market share. Ms. Wie's actions also likely have harmed Mabe's reputation with Amazon.

These unrebutted averments are sufficient to show that Mabe likely will be irreparably harmed absent a preliminary injunction.

## II.    Likelihood of Success on the Merits

Mabe argues it is likely to succeed in demonstrating that the '903 Patent is invalid and unenforceable. Mabe first argues that the '903 Patent is invalid because Ms. Wie sold the baby carrier more than one year before the patent's effective filing date.

The '903 patent has an effective filing date of August 26, 2024, and is therefore governed by the America Invents Act.[32] Section 102(a) of the American Invents Act provides the general rule that a person is not entitled to a patent if "the claimed invention was patented, described in a printed publication, or in public use, on sale, or otherwise available to the public before the effective filing date of the claimed invention."[33] Subsection (b) of this statute provides limited exceptions to the general rule. One such exception contains a one-year grace period, under which certain disclosures of the patented item within the one-year period before the effective filing date will not invalidate the patent.[34]

---

erosion and loss of market position are evidence of irreparable harm); *Bio–Technology Gen. Corp. v. Genentech, Inc.,* 80 F.3d 1553, 1566 (Fed. Cir. 1996) (loss of revenue, goodwill, and research and development constitute irreparable harm); *Polymer Technologies, Inc. v. Bridwell,* 103 F.3d 970, 975–76 (Fed. Cir. 1996) (loss of market opportunities cannot be quantified or adequately compensated and is evidence of irreparable harm).
[31] Taylor Decl. ¶ 17.
[32] *See* 35 U.S.C. § 102 (effective May 13, 2015).
[33] 35 U.S.C. § 102(a).
[34] 35 U.S.C. § 102(b)(1).

However, because Mabe alleges that the baby carrier was sold prior to the one-year grace period, the court need not determine whether the alleged disclosures fall within the grace period exception. Instead, if Mabe demonstrates that the baby carrier at issue was sold more than one year before the effective filing date, the '903 Patent is invalid. To make this showing here, Mabe must demonstrate that the baby carrier weas sold before August 26, 2023.

Mr. Taylor's declaration states that he purchased the product depicted in the '903 Patent from Ms. Wie in July 2023.[35] Mr. Taylor attaches the invoice from the July 2023 purchase as an exhibit to his declaration.[36] Further, Mr. Taylor's declaration states that Ms. Wie "began advertising the product shown in the '903 Patent on Alibaba more than a year before [the effective filing date]."[37] Mabe states that it contacted Ms. Wie in response to this Alibaba advertisement more than a year before the '903 Patent was filed.[38]

The unrebutted evidence that Ms. Wie advertised, and Mr. Taylor purchased, the patented baby carrier before August 26, 2023, demonstrates that the baby carrier was "in public use, on sale, or otherwise available to the public" over one year before the effective filing date.[39] As a result, Mabe is substantially likely to prevail on its claim that the patent is invalid.[40]

## III.    Balance of Equities

Under this factor, the court weighs the harm to the moving party if the injunction is not granted with the harm to the non-moving party if the injunction is granted.[41]

---

[35] Taylor Decl. ¶¶ 4, 14.
[36] Annex B to Taylor Decl.
[37] Taylor Decl. ¶ 15.
[38] Taylor Decl ¶ 16.
[39] 35 U.S.C. § 102(a).
[40] Because the court concludes that Mabe is substantially likely to prevail on its claim of patent invalidity under 35 U.S.C. § 102, the court does not address Mabe's other arguments regarding why the '903 Patent is unenforceable or invalid.
[41] *Schmeisser GmbH v. AC-Unity D.O.O.*, No. 21-CV-24-SWS, 2021 WL 7286256, *14 (D. Wyo. Mar. 19, 2021) (citing *Metalcraft of Mayville, Inc. v. The Toro Company*, 848 F.3d 1358, 1369 (Fed. Cir. 2017)).

If an injunction is not granted, Mabe will be unable to sell its baby carriers on Amazon. This will lead to the irreparable harms described above. Contrastingly, if the injunction is granted, Ms. Wie will be unable to use the '903 Patent to prevent Mabe from selling baby carriers on Amazon. However, any such harm to Ms. Wie is minimal because Mabe has demonstrated that it is substantially likely that the '903 Patent is invalid. The balance of equities weighs in favor of granting the injunction.

## IV.    Public Interest

Under the fourth factor, Mabe must demonstrate that issuance of a preliminary injunction will not adversely affect the public interest. Here, it is in the public interest to not enforce a patent that is substantially likely to be found invalid. Enforcing an invalid patent can, in situations such as this, prevent legitimate business operations and may encourage parties to seek invalid patents with the hopes of obtaining an advantage in the marketplace. This factor weighs in favor of issuing an injunction.

## V.    Bond

Under Rule 65, "[t]he court may issue a preliminary injunction . . . only if the movant gives security in an amount that the court considers proper to pay the costs and damages sustained by any party found to have been wrongfully enjoined or restrained."[42] Based on the evidence before the court, no bond is justified at this time.

---

[42] Fed. R. Civ. P. 65(c).

## CONCLUSION AND ORDER

For the reasons stated, the court GRANTS IN PART AND DENIES IN PART Plaintiff's Emergency *Ex Parte* Motion for Temporary Restraining Order and Preliminary Injunction.[43] The court enters a preliminary injunction as follows:

(1) Ms. Wie shall notify Amazon.com, Inc. (hereinafter "Amazon") immediately that Ms. Wie is withdrawing the '903 Patent infringement notices for all of Plaintiff's baby-carrier products.

(2) Ms. Wie is preliminarily enjoined from issuing similar infringement notices to Amazon or other online sales companies regarding the '903 Patent.

(3) Plaintiff is ordered to serve this Order on Ms. Wie via the alternate means of service approved by the court. Plaintiff is ordered to file a certificate of service once it has served Ms. Wie via these means.

Signed May 19, 2025.

BY THE COURT:

David Barlow
United States District Court Judge

---

[43] ECF No. 3.